UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-11-542 |
| | § | |
| JUAN ANTONIO HERRERA-OROZCO | § | |

## **ORDER**

Pending before the Court is Defendant's Consolidated (1) Application for a Writ of Habeas Corpus or Alternatively, for an Ex Parte Temporary Injunction Pending a Requested Ruling on His (2) Objection to an "Order of Removal Under Section 235(b)(1)" of the Immigration and Nationality Act. (D.E. 19.) After reviewing the parties' filings and the applicable law, the Court finds that Defendant's motion should be and is hereby DENIED.

**I.     Jurisdiction**

This Court has subject-matter jurisdiction over this action under 18 U.S.C. § 3231 as the government has alleged a violation of federal law.

**II.    Background**

Defendant Juan Antonio Herrera-Orozco ("Defendant") was arrested for illegal re-entry on May 17, 2011. On June 8, 2011, he was indicted for illegal re-entry after deportation pursuant to 8 U.S.C. §1326. (D.E. 6.) Defendant was arraigned on June 10, 2011. (D.E. 8.) Re-arraignment was then set for July 7, 2011, and was later reset for July 8, 2011. (D.E. 10, 13.) Defendant filed his Motion for Writ on August 19, 2011. According to the Complaint, Defendant received an initial expedited order of removal ("the Order"), pursuant to U.S.C. Section 1225(b)(1), on February 27, 2009, in Otay Mesa, California. (D.E. 1 at 2.) A little over

two years later, on May 14, 2011, Defendant entered the U.S. illegally by wading across the Rio Grande River near Hidalgo, Texas.  (Id.)

Defendant subsequently boarded a tractor trailer, which was later stopped by an officer of the Texas Department of Public Safety ("DPS").  (D.E. 1 at 1.)  Border Patrol agents later arrived at the scene to assist the DPS officer and, after a brief interview, concluded that Defendant was a citizen of Mexico with no legal right to enter or remain in the United States.  (Id.)  A routine-records check revealed that Defendant had received an expedited order of removal, under 1225(b)(1) of the Immigration and Nationality Act ("the Act"), on February 27, 2009, and had been removed from the country that day.  (Id.)  Border Patrol found no record that Defendant had applied for or received the requisite permission to be in the country from the Attorney General of the United States or the Secretary of the Department of Homeland Security.  (Id.)

Defendant requests that the Court grant him habeas relief or, in the alternative, that the Court grant a temporary injunction.  He alleges that such relief is the only possible manner by which he may "expeditiously challenge. . .or forestall" the original 1225(b)(1) expedited-removal order.  Defendant also requests that the Court enjoin any government actions necessary to effectuate the Order.

**III.  Discussion**

   **A.  Defendant is Not Entitled to Habeas Relief.**

Defendant seeks habeas relief on the basis that the Order is invalid.  However, in enacting the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Congress significantly limited the power of federal courts to review § 1225(b)(1) expedited-removal orders.  See Brumme v. I.N.S., 275 F.3d 443, 447 (5th Cir. 2001) (citing 8 U.S.C. § 1252(e)(2)).

Section 1252(e)(2) provides:

Judicial review of any determination made under [8 U.S.C. §] 1225(b)(1). . .**is available** in habeas corpus proceedings, **but shall be limited to** determinations of -
> (A) whether the petitioner is an alien
> (B) whether the petitioner was ordered removed under such section; and
> (C) whether petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee. . .or has been granted asylum.

(emphasis added).

The Order at issue in the instant case was entered pursuant to 8 U.S.C. § 1225(b)(1). Therefore, the scope of federal habeas relief outlined in Section 1252(e)(2) applies, and the Court's inquiry is limited to the three matters listed above.

Defendant does not contest that he is an alien. Neither does he challenge that he was initially removed pursuant to Section 1225(b)(1). To the contrary, he admits as much. Moreover, Defendant does not contend that he is a lawfully-admitted alien, an admitted refugee or that he has been granted asylum. Rather, Defendant asserts that the Order is invalid for the reasons listed above. Because Defendant has not raised any of the issues that a federal court is permitted to consider under Section 1252(e)(2), he is not entitled to federal habeas relief.

### B. Defendant is Not Entitled to Injunctive Relief.

The IIRIRA also limited a federal court's ability to provide injunctive relief in the context of 1225(b)(1) expedited-removal orders. Specifically, no court may "enter declaratory, injunctive or other equitable relief in any action pertaining to an [expedited-removal order]. . ." Tate v. U.S. Dept. of Homeland Sec., 2006 WL 4692468, at *1 (S.D.Tex. July13, 2006) (citing 8 U.S.C. § 1252(e)(1)(A)).

Defendant requests that the Court issue a writ to the government, enjoining them from effectuating the Order. Defendant further requests that such injunctive relief be set in place until

the merits of his claim can be evaluated. However, because Congress specifically forbade federal courts from granting injunctive relief in the context of 1225(b)(1), Defendant's request for such relief is DENIED.

**IV. Conclusion**

For the reasons stated above, the Court DENIES Defendant's motion in its entirety. This Court lacks jurisdiction over the matters raised by Defendant. Tate, 2006 WL 4692468, at *1 (noting that Section 1252 of the Act "divests all district courts of jurisdiction over challenges to final orders of removal."). Defendant's assertions are not the sort that a federal court may hear on federal habeas review, per Title 8, Section 1252(e)(2). In addition, the Court cannot grant injunctive relief in this context because the dispute in this case concerns the validity of a 1225(b)(1) expedited-removal order. See 8 U.S.C. §1252(e)(1).

SIGNED and ORDERED this 23rd day of August, 2011.

_____
Janis Graham Jack
Senior United States District Judge